1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WAYNE PARKS,

11            Plaintiff,              No. CIV S-05-1397 LKK DAD P

12        vs.

13    CALIFORNIA, et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15    _____/

16            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  The proceeding was referred to the undersigned magistrate judge in accordance with

19    Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20            Pursuant to orders filed by the undersigned on July 19, 2005, August 22, 2005,

21    September 16, 2005, and September 27, 2005, plaintiff submitted a properly completed in forma

22    pauperis application on October 5, 2005.

23            SCREENING REQUIREMENT AND STANDARDS

24            The court is required to screen complaints brought by prisoners seeking relief

25    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

26    § 1915A(a).  Pursuant to the screening requirement, the court must dismiss claims that are legally

1

frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

PLAINTIFF'S COMPLAINT

When this action was filed, plaintiff was confined in California Correctional Institution – Tehachapi ("CCI"), which is located in Kern County.  On September 7, 2006, the court received plaintiff's notice of change of address to California State Prison-Corcoran, also located in Kern County.

1    Plaintiff has sued numerous defendants, both state and federal.  Some are named

2 in the caption of the form complaint, others are named in the section titled "Defendants" on the

3 second page of the form complaint, and yet others are named on an attachment inserted after the

4 second page of the form complaint.

5    The federal defendants named in the complaint are as follows:  Federal Bureau of

6 Investigation ("FBI"), Commissioner of Internal Revenue, U.S. Department of Justice FBI in

7 Knoxville, Tennessee, R. Joe Clark (Special Agent), Rod Doe (Special Agent), James A. Van

8 Pelt (Chief Division Counsel for FBI), Leo V. Alvarado (Technical Support Manager for

9 Department of the Treasury, Laguna Niguel, California), Rod Peters (employee of Department of

10 the Treasury, Laguna Niguel, California), D. Nelson (Operations Manager for Department of the

11 Treasury Fresno Service Center), and Matthew A. Mendizabal (Office of Chief Counsel for

12 Department of the Treasury, San Jose, California).

13    The state defendants named in the complaint are as follows:  California

14 (Sacramento), Arnold Schwarzenegger (governor), Bill Lockyer (attorney general), Jeanne

15 Woodford (former director of California Department of Corrections and Rehabilitation), A.A.

16 Lamarque (warden of Salinas Valley State Prison ("SVSP")), William J. Sullivan (warden of

17 CCI), Capt. T.W. Meadors (employed at CCI), E.W. O'Dell (correctional counselor at CCI), Lt.

18 W.D. Nelson (employed at CCI), T. Petersen (employed in SHU at CCI), Norm Karlow (law

19 librarian at CCI), Sgt. A. Jordan (employed at CCI), Sgt. W.D. Branham (employed at CCI), C/O

20 Durham (S&E correctional officer at CCI), Sgt. S. Sanchez (employed at CCI), and Capt. M.D.

21 Stainer (employed at CCI).  Plaintiff concludes the list of defendants on the supplemental page

22 with "Does I thru XX," but he does not further identify these defendants or allege any facts

23 concerning the conduct of these defendants.

24    Plaintiff commences his statement of claim by identifying the action as one

25 "implicating the fundamental right of access to the courts."  (Compl. at 3.)  Plaintiff proceeds

26 with a rambling discussion of the Americans With Disabilities Act ("ADA") and various

provisions of the United States Constitution.  Plaintiff's discussion addresses the application of the ADA to public entities, the definition of "public entities," the relationship between the ADA and the Rehabilitation Act ("RA"), the ADA right to sue for money damages, ADA abrogation of the States' sovereign immunity, the Sixth Amendment right of a criminal defendant to be present at trial, and the Fourteenth Amendment right of a civil litigant to access to the court.

Plaintiff's introduction is followed by allegations that on October 4, 2004, he sent an administrative complaint to defendant Schwarzenegger concerning "CDC 'DENIAL ACCESS TO COURTS'" and that on March 5, 2003, he sent an administrative complaint to defendant Lockyer "to give the Plaintiff a polygraph and DNA samples."  Plaintiff alleges that both defendants denied him "vital public services" and violated the ADA.  Plaintiff further alleges that "[t]he other state actors are the California Dysfunctional of Corrections as for March 2005, per 359 pages for Federal District Court (N.D. Cal.)."

Next, plaintiff asserts that he has qualified as a disabled individual for purposes of the ADA since January 1, 2002.  He provides the names of two hospitals but does not identify or describe his disability or disabilities.  Plaintiff resumes his discussion of the ADA, arguing that the ADA, the Rehabilitation Act, and the federal regulations implementing those statutes apply to state prisons and their programs, services, and activities.  Plaintiff alleges in a conclusory fashion that he is a disabled prisoner who has experienced "enormous obstacles seeking vital equal access to public services."  He urges the court not to find state prisons exempt from the ADA.

Plaintiff states that he has filed a notice of claim of unconstitutionality of federal law with the Department of Justice, Civil Rights Division, in Washington, D.C.  Since plaintiff has filed no such notice in this case and does not allege the unconstitutionality of any federal statute or regulation, the allegation of having filed a notice of unconstitutionality appears to be irrelevant.

Plaintiff proceeds with a discussion of respondeat superior and an assertion that this concept "implicates the defendants."  Plaintiff alleges that unspecified defendants should

have information about his medical records and "should have known the chronic send by Doctors to an O.H.U. and who use wheelchairs for mobility since February 19, 2002, and until present." This incomprehensible statement is followed by a conclusory assertion that unspecified defendants denied plaintiff public services and violated the ADA "by violation access to the state's judicial programs because of Plaintiff's disabilities."

Plaintiff then turns to unrelated events that occurred in Knoxville, Tennessee. Plaintiff alleges as follows:  on April 27, 2000, he was arrested by defendant Rod Doe, an FBI special agent, and was taken to Knox County Jail by a police officer; during plaintiff's trial, the prosecutor called defendant Doe as a star witness and produced computer information and income tax records that were seized from plaintiff's office and business; in 2002, defendants Rod Peters and Leo Alvarado, employees of the IRS, sent plaintiff a notice of deficiency after denying plaintiff's Schedule C deductions; plaintiff had hundreds of documents from various defendants at multiple IRS offices and had unspecified "dealings" with various FBI defendants.  Plaintiff does not allege an ADA or access-to-the-court violation by any federal defendant.

Plaintiff returns to his claims against state defendants.  He complains that defendants Schwarzenegger, Lockyer, Woodford, Lamarque, Sullivan, Meadors, O'Dell, Nelson, Stainer, Peterson, Karlow, Branham, and Jordan all failed to address "administrative complaints" sent to them by plaintiff on various dates between February 11, 2004, and May 20, 2005.  It appears that the complaints concerned plaintiff's personal and legal property, which was lost when plaintiff was transferred to CCI on March 25, 2004.  Plaintiff contends that (1) California and all of the individual state defendants violated his Fourteenth Amendment rights, (2) all of the federal defendants violated his ADA and Fifth Amendment rights, and (3) two of the state defendants violated due process principles in unspecified ways on March 3, 2005, March 9, 2005, and April 26, 2005.

Plaintiff asks the court to declare that (1) unspecified physical barriers and obstacles to unspecified public services and facilities by unspecified persons in California

violated the ADA and infringed on plaintiff's fundamental rights; (2) the ADA applies to state prisons; (3) the state defendants violated plaintiff's right to access the courts under the ADA and violated due process principles; and (4) all defendants violated the Fifth Amendment and the ADA by failing to provide plaintiff with explicit statutory findings reflecting the ADA's purpose was to eliminate discrimination in institutionalized settings.

Plaintiff seeks two injunctions.  First, he seeks an order requiring the defendants to provide "full vital access to services, programs, activities, and facilities" by accommodating disabled inmates and by providing them with a means of enforcing their rights, including the reasonable accommodation needed by inmates "in preparing documents, motions, writs, etc., to provide meaningful vital access to the courts with knowledge to court orders, deadlines, documents, exhibits, attachments, appendixes, cut and paste captions, memorandum of law, clear tape, photocopies, cites, shepardizing, and presenting for trial such documents to proceed in an meaningful enjoyment in the judicial services and administrative programs."  Second, plaintiff seeks an order requiring the FBI to stop infringing on rights under the ADA and other constitutional guarantees, such as the right of access to the court, and to return the property that was seized from plaintiff on April 27, 2000.

Plaintiff also seeks monetary relief:  (1) an award of one billion dollars payable by California to federal prisons so that the federal prisons can take over the California prison system; (2) an award of thirty million dollars against defendant Schwarzenegger for failing to provide individuals with services and for unequal treatment of persons with disabilities in the administration of state services and programs; (3) an award of three million dollars against defendant Lockyer for classifying persons without regard to their individual capacities; (4) an award of one million dollars in punitive damages against each federal defendant for violating due process and for invidious discrimination; (5) an award of one million dollars against each state defendant in his or her official capacity for violations of the ADA and constitutional rights; (6) an award of $333,000 in punitive damages against each defendant in his or her personal capacity

for invidious discrimination and asinine conduct; and (7) plaintiff's costs of suit and attorney fees.

CLAIMS AGAINST FEDERAL DEFENDANTS

It appears that plaintiff has brought this action pursuant to three federal statutes: the Civil Rights Act, 42 U.S.C. § 1983; Title II of the ADA, 42 U.S.C. § 12131, et seq.; and § 504 of the RA, 29 U.S.C. § 794.  The court will address each statute in turn.

I. <u>Section 1983 Claims</u>

The Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 provides a cause of action against any person 'acting under color of State law' who causes a deprivation of the plaintiff's federal rights." <u>Morse v. North Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1343 (9th Cir. 1997).  Put another way, a plaintiff who wishes to state a claim under § 1983 "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." <u>Gritchen v. Collier</u>, 254 F.3d 807, 812 (9th Cir. 2001).

Because § 1983 applies only to persons acting under color of state law, a complaint is invalid on its face if it relies on § 1983 as a cause of action against federal government actors. <u>Morse</u>, 118 F.3d at 1343 ("[B]y its very terms, § 1983 precludes liability in federal government actors.").  In the present case, plaintiff's § 1983 claims against the federal defendants are invalid because those defendants were not acting under color of state law. Plaintiff's § 1983 claims against the federal defendants are legally frivolous and fail to state a claim upon which relief may be granted.  The claims should be dismissed with prejudice.

II.  <u>ADA Claims</u>

The ADA provides that

no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  For purposes of the ADA, a public entity is

(A) any State or local government;
(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
(C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(r) of Title 49).

42 U.S.C. § 12131(1).

The federal entities sued by plaintiff in this action are not state or local governments or instrumentalities of any state or local government.  Plaintiff's ADA claims against federal entities are legally frivolous and fail to state claims upon which relief may be granted.  The claims should be dismissed with prejudice.

III.  <u>RA Claims</u>

The RA provides that

[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).  The RA expressly applies to "any program or activity conducted by any Executive agency and therefore applies to federal executive agencies.

In the present case, plaintiff has failed to allege facts showing that the Department of Justice, the FBI, or the Department of the Treasury excluded plaintiff, solely by reason of his disability, from participating in or receiving the benefits of any programs or activities conducted by those agencies.  Nor has plaintiff alleged facts showing that any of these agencies subjected

1   him to discrimination, solely by reason of his disability, in any programs or activities conducted

2   by those agencies.  See Cellular Phone Taskforce v. F.C.C., 217 F.3d 72, 73-74 (2d Cir. 2000),

3   cert. denied sub nom. Citizens for the Appropriate Placement of Telecommunications Facilities

4   v. F.C.C., 531 U.S. 1070 (2001).  Plaintiff's RA claims against federal entities, as alleged, are

5   factually frivolous and fail to state claims upon which relief may be granted.  The claims should

6   be dismissed without prejudice.

7   IV.  Bivens Claims

8          A person who seeks redress for damages sustained when federal officials violate a

9   provision of the United States Constitution may be able to state a federal cause of action directly

10  under the constitutional provision that is alleged to have been violated.  See Bivens v. Six

11  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390, 397 (1971).  In

12  Bivens, the plaintiff alleged that agents of the Federal Bureau of Narcotics made a warrantless

13  entry into his apartment under color of federal authority, searched his apartment, and arrested

14  him without probable cause.  The Supreme Court held that the alleged violations arose directly

15  under the Fourth Amendment and stated a federal cause of action for damages.  Id. at 392-94,

16  397.

17         The Bivens remedy is not restricted to Fourth Amendment claims.  See Gibson v.

18  United States, 781 F.2d 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that

19  First Amendment claims may be cognizable through a Bivens-type action).  Bivens actions are

20  "the judicially crafted counterpart to section 1983, enabl[ing] victims of federal misconduct to

21  sue the individual federal wrongdoers responsible for the transgression of their rights."  Id. at

22  1341.  "Actions under § 1983 and those under Bivens are identical save for the replacement of a

23  state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406,

24  409 (9th Cir. 1991).

25         In the present case, plaintiff has not alleged facts showing that any federal

26  defendant deprived him of a constitutional right cognizable through a Bivens-type action.  The

9

1  vague allegation of a seizure of property in 2000 in connection with plaintiff's arrest is

2  insufficient to state a Fourth Amendment deprivation by any defendant, and the other allegations

3  against the federal defendants fail to suggest any deprivation cognizable in a Bivens action.  On

4  the present record, the court cannot determine whether plaintiff may be able to amend his

5  complaint to state claims for Bivens-type relief against any of the federal defendants.  The claims

6  should be dismissed without prejudice.

7  V.  Venue

8          The federal defendants sued in this action reside in Washington, D.C.; Knoxville,

9  Tennessee; Laguna Niguel, California; Fresno, California; and San Jose, California. The federal

10  venue statute requires that a civil action, other than one based on diversity jurisdiction, be

11  brought only in

12          (1) a judicial district where any defendant resides, if all defendants
        reside in the same State, (2) a judicial district in which a substantial
13          part of the events or omissions giving rise to the claim occurred, or
        a substantial part of property that is the subject of the action is
14          situated, or (3) a judicial district in which any defendant may be
        found, if there is no district in which the action may otherwise be
15          brought.

16  28 U.S.C. § 1391(b).  Although the one defendant employed at the IRS Service Center in Fresno

17  appears to reside within the Fresno Division of the Eastern District of California, most of the

18  federal defendants reside in States other than California, thereby precluding venue in the Eastern

19  District of California based on § 1391(b)(1).

20          Any RA and Bivens claims that plaintiff may be able to allege against the federal

21  defendants must be presented in an action filed in "a judicial district in which a substantial part

22  of the events or omissions giving rise to the claim occurred, or a substantial part of property that

23  is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  Plaintiff will not be granted

24  leave to amend his claims against the federal defendants in this case because venue for such

25  claims does not lie in the United States District Court for the Eastern District of California.

26  /////

1   VI.  Disposition of Claims Against Federal Defendants

2          The undersigned will recommend that plaintiff's § 1983 claims and ADA claims

3   against the federal defendants be dismissed with prejudice and that plaintiff's RA claims and any

4   possible Bivens claims against the federal defendants be dismissed without prejudice to the filing

5   of such claims in the proper district court.

6                          CLAIMS AGAINST STATE DEFENDANTS

7   I.  Sacramento Defendants

8          Plaintiff has sued four defendants who reside in or are located in Sacramento:  the

9   State of California, Governor Schwarzenegger, Attorney General Bill Lockyer, and former

10  CDCR Director Jeanne Woodford.

11         A.  Section 1983 Claims

12         Section 1983 requires that there be an actual connection or link between the

13  actions of each defendant and the deprivation alleged to have been suffered by plaintiff.  See

14  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

17  omits to perform an act which he is legally required to do that causes the deprivation of which

18  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19         Supervisory personnel are generally not liable under § 1983 for the actions of their

20  employees under a theory of respondeat superior and, therefore, when a named defendant holds a

21  supervisorial position, the causal link between him and the claimed constitutional violation must

22  be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

23  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

24  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

25  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26  /////

1    Plaintiff seeks relief against the four Sacramento defendants on the ground that

2  each of them denied him public services.  Plaintiff's § 1983 claim against the State is legally

3  frivolous and should be dismissed with prejudice because a State is not a "person" for purposes

4  of § 1983.  Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (citing Will v. Michigan

5  Dep't of State Police, 491 U.S. 58, 64 (1989)).

6    Plaintiff alleges that public services were denied by defendant Schwarzenegger

7  when the defendant did not respond to an administrative complaint plaintiff sent him on October

8  4, 2004, "for the CDC 'denial of access to courts.'"  Plaintiff alleges that public services were

9  denied by defendant Lockyer when the defendant failed to respond to an administrative

10 complaint plaintiff sent him on March 5, 2003, asking the attorney general "to give the Plaintiff

11 an [sic] polygraph and DNA samples."  Plaintiff alleges that public services were denied by

12 defendant Woodford when she did not respond to an administrative complaint plaintiff sent her

13 concerning his lost property.

14    An access-to-the-court claim may arise under the Due Process Clause of the

15 Fourteenth Amendment.  See Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986).  Although

16 the right of access to the courts is well established, the Supreme Court has cautioned that "prison

17 law libraries and legal assistance programs are not ends in themselves, but only the means for

18 ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental

19 constitutional rights to the courts.'"  Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds

20 v. Smith, 430 U.S. 817, 825 (1977)).  The Supreme Court has disclaimed any constitutional

21 requirement that state officials enable prisoners to litigate effectively once in court.  Id. at 354.

22 An inmate who alleges interference with his right of access to the courts must allege actual

23 injury.  See Bounds, 430 U.S. at 821; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994).

24 "Actual injury" means a "specific instance in which an inmate was actually denied access to the

25 courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

26 /////

12

1    A prisoner's right to seek redress of grievances from the government extends to

2    administrative arms and units of government, including prisons.  Bradley v. Hall, 64 F.3d 1276,

3    1279 (9th Cir. 1995).  Although there is no federal constitutional entitlement to a prison

4    grievance procedure, inmates have a right to access such grievance procedures as are established

5    for prisoners.  Id.  In California, state prisoners may submit inmate appeals to prison officials in

6    accordance with well established grievance procedures.  The decision at the third formal level

7    within the CDCR exhausts the administrative remedies available to California state prisoners.  In

8    a parallel procedure, California state prisoners may submit ADA requests for reasonable

9    accommodation and exhaust such requests as provided in state regulations.[1]

10    Plaintiff was entitled to submit inmate appeals and ADA requests for

11    accommodation as set forth in state regulations.  If he did not file and exhaust inmate appeals and

12    ADA requests for accommodation on the claims alleged against the state defendants in this case,

13    all of his claims are unexhausted and subject to dismissal.

14    The established grievance procedure for California prisoners does not include the

15    submission of administrative complaints to the governor, the attorney general, or any other state

16    official outside the CDCR.  Nor does the established grievance procedure authorize an inmate to

17    send an administrative complaint directly to the director of the CDCR in lieu of filing an inmate

18    appeal and proceeding to the third level in accordance with required procedures.  Plaintiff's

19    allegation that defendants Schwarzenegger, Lockyer, and Woodford failed to respond to

20    administrative complaints fails to state a claim of denial of access to the courts or a claim of

21    denial of the right to redress because plaintiff had no constitutional right to a response to any

22    administrative complaint he sent to the governor, the attorney general, or the director.  The lack

23

24    [1] Federal law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42

25    U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive

26    force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

13

1   of response by these defendants does not demonstrate any injury to plaintiff's right of access to

2   the courts or plaintiff's right to seek redress from the government.  Plaintiff's § 1983 claims

3   against the governor, the attorney general, and the director are legally frivolous and should be

4   dismissed with prejudice.

5       B.  ADA and RA Claims

6           The provisions of Title II of the ADA and § 504 of the RA apply to state prisons.

7   Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206 (1998).  "To establish a violation of

8   Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability;

9   (2) [he] was excluded from participation in or otherwise discriminated against with regard to a

10  public entity's services, programs, or activities; and (3) such exclusion or discrimination was by

11  reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002), cert. denied,

12  537 U.S. 1105 (2003).  "To establish a violation of § 504 of the RA, a plaintiff must show that

13  (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the

14  benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his]

15  handicap; and (4) the program providing the benefit or services receives federal financial

16  assistance."  Id.  Compensatory damages are not available under Title II or § 504 "absent a

17  showing of discriminatory intent."  Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir.

18  1998).

19          In suits brought under Title II of the ADA or § 504 of the RA, individuals may not

20  be sued in their individual capacities.  See 42 U.S.C. § 12131(1); Miranda B. v. Kitzhaber, 328

21  F.3d 1181, 1188 n.7 (9th Cir. 2003); Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002);

22  Lollar v. Baker, 196 F.3d 603, 609 & n.6 (5th Cir. 1999); Alsbrook v. City of Maumelle, 184

23  F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc).  Because individual liability does not exit in such

24  cases, the proper defendant will normally be the public entity alleged to have violated the law.

25  See Miranda, 328 F.3d at 1188.  However, neither the Eleventh Amendment nor Title II of the

26  ADA prohibits an injunctive action against a state official in his or her official capacity.  See

1   Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives

2   notice and an opportunity to respond, an official-capacity suit is, in all other respects than in

3   name, to be treated as a suit against the entity."); Brandon v. Holt, 469 U.S. 464, 471-72 (1985);

4   Miranda B., 328 F.3d at 1187 ("'[A] suit against a state official in his or her official capacity is

5   not a suit against the official but rather is a suit against the official's office.'").

6          In the present case, plaintiff has not alleged facts demonstrating that his rights

7   under the ADA and the RA were violated at the state level.  Plaintiff's only allegation against the

8   State of California is that the State denied unspecified public services.  Plaintiff has not shown

9   that he was excluded from participation in or otherwise discriminated against with regard to state

10  services, programs, or activities and that such exclusion or discrimination was by reason of his

11  disability.  Nor has plaintiff shown that he was denied a benefit or service provided by a state

12  program that receives federal financial assistance, that he was otherwise qualified for the benefit

13  or service, and that the denial was solely by reason of his handicap.  Plaintiff's ADA and RA

14  claims against the State are factually and legally frivolous and should be dismissed with

15  prejudice.

16          Plaintiff's ADA and RA claims against defendants Schwarzenegger, Lockyer, and

17  Woodford should be dismissed because these defendants are not public entities and cannot be

18  held liable in their individual capacity.  In the absence of non-frivolous allegations against the

19  State, these defendants may not be sued in their official capacities for injunctive relief.

20  Plaintiff's ADA and RA claims against defendants Schwarzenegger, Lockyer, and Woodford

21  should therefore be dismissed with prejudice.

22      C.  Conclusion

23          The undersigned will recommend that all claims against defendants California,

24  Schwarzenegger, Lockyer, and Woodford be dismissed with prejudice.

25  /////

26  /////

II.  Other State Defendants

Plaintiff has sued twelve defendants who do not reside in Sacramento:  A.A. Lamarque, Warden of SVSP, located in Monterey County; William J. Sullivan, Warden of CCI, located in Kern County; and ten correctional employees employed at CCI, in Kern County.

A.  Section 1983 Claims

Plaintiff alleges denial of his right to access the courts and due process violations. Plaintiff supports these claims with a list of dates on which he sent "administrative complaints" to the twelve defendants.  The list fails to link any defendant to any constitutional violation, and plaintiff has not set forth facts concerning the complaints and the events that gave rise to them. Notably, plaintiff has not alleged a single instance in which he was denied access to a court, was prevented from filing or litigating a case, or was denied an established right to seek redress.  In addition, it does not appear that plaintiff exhausted available administrative remedies on his claims by filing inmate appeals and pursuing them in accordance withe state regulations.

Plaintiff's § 1983 claims fail to state a claim against the SVSP and CCI defendants.  Due to the complete lack of detail about the alleged constitutional deprivations, the court is unable to determine whether some or all of the claims are frivolous.  For that reason, the undersigned will recommend that the claims be dismissed without prejudice.

B.  ADA and RA Claims

The requirements for stating ADA and RA claims have been set forth above in the court's analysis of plaintiff's claims against the Sacramento defendants.  Although plaintiff alleges that he has been a qualified individual since 2002, he has not alleged facts showing that he is disabled for purposes of the ADA and handicapped for purposes of the RA.  Assuming for the sake of argument that plaintiff can make such showing, the court finds that plaintiff has not alleged sufficient facts to state a claim under the ADA or the RA.

Plaintiff alleges that he has experienced "enormous obstacles seeking vital equal access to public services," refers to unspecified violations of his access to the state's judicial

16

1   programs because of his disabilities, requests a declaratory judgment that the physical barriers

2   and obstacles to public services and facilities encountered by plaintiff violated his rights, and

3   seeks an injunction requiring defendants to provide him with immediate and full access to

4   services, programs, activities, and facilities.  Plaintiff has not alleged facts showing that he was

5   excluded from participation in or otherwise discriminated against with regard to institutional

6   services, programs, or activities at CCI or SVSP and that such exclusion or discrimination was by

7   reason of his disability.  Nor has plaintiff shown that he was denied a benefit or service provided

8   by CCI or SVSP, that he was otherwise qualified for the benefit or service, and that the denial

9   was solely by reason of his handicap.

10        Plaintiff's ADA and RA claims against the twelve non-Sacramento defendants, as

11  alleged, are factually frivolous and should be dismissed for failure to state a claim upon which

12  relief can be granted.  The claims against the twelve individual defendants in their individual

13  capacities should be dismissed with prejudice.  If plaintiff wishes to proceed on any ADA or RA

14  claims, he should bring those claims against CCI or SVSP rather than against individual

15  employees.

16        C.  <u>Venue</u>

17        The Local Rules of Practice provide that civil actions arising in Kern County,

18  where CCI is located, are to be commenced in the Fresno Division of the United States District

19  Court for the Eastern District of California.  <u>See</u> Local Rule 3-120(b).  Pursuant to Local Rule 3-

20  120(d), a civil action which has not been commenced in the proper division of the court may,

21  upon the court's own motion, be transferred to the proper division of the court.

22        Court records reveal that plaintiff previously filed a civil rights complaint in the

23  Sacramento Division of this court in which he complained of violations that occurred in Fresno

24  County.[2]  By order filed December 13, 2002, Magistrate Judge John F. Moulds advised plaintiff

25  _____

26  [2] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803
    F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

that actions arising in Fresno County must be filed in the Fresno Division of this court pursuant

to Local Rule 3-120.  Judge Moulds transferred the action to the Fresno Division, as permitted by

the rule.  Plaintiff objected to the transfer and argued that Judge Moulds erred when he

transferred the case because "several" of the named defendants reside in Sacramento.  Magistrate

Judge Lawrence J. O'Neill addressed plaintiff's contention by order filed May 5, 2003.  Judge

O'Neill noted that plaintiff was incarcerated in a prison located in Fresno County, and that the

events at issue allegedly occurred at that institution.  Judge O'Neill found that

> [o]nly two of the twelve named defendants reside in Sacramento
> County.  The other ten defendants reside in Fresno County.
> Plaintiff has not linked either of the two Sacramento defendants to
> any acts or omissions that demonstrate a violation of plaintiff's
> federal rights.  One of the two Sacramento defendants is Linda
> Rianda, the Chief of the Inmate Appeals Branch.  Although the
> court cannot determine at this juncture what claim(s) plaintiff is
> trying to pursue against defendant Rianda, to the extent that
> plaintiff is attempting to impose liability on defendant Rianda
> based on her actions in resolving plaintiff's inmate appeals, no
> such claim is cognizable under section 1983.
>
> Plaintiff's allegations involve acts or omissions that
> occurred at Pleasant Valley State Prison concerning medical care
> and religious services.  Plaintiff has alleged no facts that give rise
> to any cognizable claims for relief against defendant Rianda or
> defendant Hollis, the two defendants who reside in Sacramento
> County.  For these reasons, Judge Moulds did not err in
> transferring the action to this division, and plaintiff's request for an
> order transferring this action back to the Sacramento Division, filed
> January 2, 2003, is HEREBY ORDERED DENIED.

(Parks v. Lewis, et al., case No. CIV F-02-6572 OWW LJO, Order #24 filed May 5, 2003 (E.D.

Cal.)).[3]

---

[3]  In case No. 1:02-6572, the magistrate judge subsequently found that the complaint stated claims against only three of the twelve defendants, and those three did not include either of the Sacramento defendants.  Plaintiff requested and was granted leave to amend.  Although plaintiff was granted numerous extensions of time to file an amended complaint, he failed to file a new pleading. Plaintiff's claims against the Sacramento defendants and seven other defendants were dismissed on May 19, 2005, and the action proceeded against three defendants.  Plaintiff failed to file opposition to the three defendants' two motions to dismiss despite multiple extensions of time.  On May 24, 2006, the action was dismissed with prejudice based on plaintiff's failure to prosecute the case and his failure to obey the court's final order requiring him to file responses to defendants' motions.

In the present case, plaintiff has again alleged noncognizable claims against a small number of Sacramento defendants in an action that arose in Kern County.  The undersigned will recommend that all claims against the federal defendants be dismissed as set forth above, that all claims against the Sacramento defendants be dismissed with prejudice, that the ADA and RA claims against the CCI and SVSP defendants in their individual capacities be dismissed with prejudice, and that the § 1983 claims against the CCI and SVSP defendants, as well as ADA and RA claims against the proper public entity, be dismissed without prejudice to the filing of a new action in the Fresno Division of this court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis filed October 5, 2005, and motion to proceed in forma pauperis filed December 15, 2005, be denied;

2.  Plaintiff's claims under § 1983 and the Americans With Disabilities Act against defendants Federal Bureau of Investigation, Commissioner of Internal Revenue, R. Joe Clark, Rod Doe, James A. Van Pelt, Leo V. Alvarado, Rod Peters, D. Nelson, and Matthew A. Mendizabal be dismissed with prejudice;

3.  Plaintiff's claims under the Rehabilitation Act and Bivens-type claims against defendants Federal Bureau of Investigation, Commissioner of Internal Revenue, R. Joe Clark, Rod Doe, James A. Van Pelt, Leo V. Alvarado, Rod Peters, D. Nelson, and Matthew A. Mendizabal be dismissed without prejudice to filing a new action in the proper district court;

4.  Plaintiff's claims against defendants California, Arnold Schwarzenegger, Bill Lockyer, and Jeanne Woodford be dismissed with prejudice;

5.  Plaintiff's claims under the Americans With Disabilities Act and Rehabilitation Act against defendants A.A. Lamarque, William J. Sullivan, Capt. T.W. Meadors, E.W. O'Dell, Lt. W.D. Nelson, T. Petersen, Norm Karlow, Sgt. A. Jordan, Sgt. W.D. Branham, C/O Durham, Sgt. S. Sanchez, and Capt. M.D. Stainer in their individual capacities be dismissed with prejudice; and

6. Plaintiff's claims under the Americans With Disabilities Act and Rehabilitation Act against proper defendants and plaintiff's claims under § 1983 against defendants A.A. Lamarque, William J. Sullivan, Capt. T.W. Meadors, E.W. O'Dell, Lt. W.D. Nelson, T. Petersen, Norm Karlow, Sgt. A. Jordan, Sgt. W.D. Branham, C/O Durham, Sgt. S. Sanchez, and Capt. M.D. Stainer be dismissed without prejudice to the filing of a new action in the Fresno Division of this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
park1397.56